**Case Nos. 22-05923, 23-5118**

---

# IN THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

---

**Barbara Phillips,**
*Appellant,*

v.

**Shelby County, Tennessee, Government,**
*Defendant – Appellee.*

---

## On Appeal from the United States District Court for the Middle District of Tennessee

**District Court Case No:   2:21-cv-02730**

## BRIEF OF APPELLANT

STEPHANIE D. MOSS
THE MOSS LAW GROUP
1800 PHOENIX BLVD., STE 128-64
ATLANTA, GEORGIA 30349
(901) 691-7679
smoss@mosslawgroup.com

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1 and Sixth Circuit Rule 26.1, Appellants hereby make the following disclosures:

 (1) Is said party a subsidiary or affiliate of a publicly owned corporation? **No.**

 (2) Does a publicly owned corporation or its affiliate, not a party to the appeal, have a financial interest in the outcome? **No.**

# I.  TABLE OF CONTENTS

II. TABLE OF AUTHORITIES_____4

III.     STATEMENT REGARDING ORAL ARGUMENT _____7

IV.    STATEMENT OF JURISDICTION_____8

V. INTRODUCTION_____9

VI.    VI. STATEMENT OF THE ISSUES _____25

VII.   VII. STATEMENT OF THE CASE_____26

VIII.  SUMMARY OF ARGUMENT_____29

IX.   IX. ARGUMENT _____30

A. THE   DISTRICT   COURT   ERRED   BY   NOT   ALLOWING
   APPELLANT   TO   AMEND   HER   COMPLAINT   BEFORE
   DISMISSING IT_____30

B. THE DISTRICT COURT ERRED WHEN RULING THAT ONLY ONE
   (1) OF APPELLANT'S CONTENTIONS COULD BE AMENDED
   AND CONSIDERED_____32

C. THE MOTION FOR RECONSIDERATION TOLLED THE TIME TO
   AMEND THE COMPLAINT_____36

D. THE DISTRICT COURT ERRED BY GRANTING A 'TIME-LIMIT'
   DISMISSAL IN THE PLEADING STAGE OF THE PROCEEDINGS.
   INSTEAD,   IT   SHOULD   HAVE   RULED   ON   THE
   MERITS_____38

X. CONCLUSION _____43

CERTIFICATE OF COMPLIANCE_____44

CERTIFICATE OF SERVICE _____45

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS_____46

## II. TABLE OF AUTHORITIES

### Cases

*Benzon v. Morgan Stanley Distribution*, 420 F.3d 598 (6th Cir. 2005)

*Berndt v. State of Tenn.*, 796 F.2d 879, 883 (6th Cir. 1986)

*Cancer Found, Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009)

*Carpenter v. Dalrymple*, 849 F.2d 1472 (6th Cir. 1988)

*Cosgrove v. Smith*, 697 F.2d 1125 (D.C. Cir.1983)

*Curtis v. Quarterman*, 340 F. App'x 217, 218 (5th Cir. 2009)

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

*Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962).

*Friso v. Dynacorp Int'l, LLC*, 2015 U.S. Dist. Lexis 36683 (ND Ill., Mar. 24, 2015)

*Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972)

*Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665 (5th Cir.) (en banc),

*cert. denied*, __ U.S. __, 107 S.Ct. 398 (1986)

*Holbrook v. Curtin*, 833 F.3d 612 (6th Cir. 2016)

*Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119 (6th Cir.1982)

*In re Love*, 3 F. App'x 497, 498 (6th Cir. 2001)

*Jackson v. Richards Med. Co.*, 961 F.2d 575, 578 (6th Cir. 1992)

*Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)

*Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37 (2d Cir.1982)

*Martin v. Fluegeman,* 2020 U.S. App. LEXIS 33853, No. 20-1484, (6th Cir. 2020)

*Miller v. Leavenworth-Jefferson Elec. Co-op.*, 653 F.2d 1378 (10th Cir.1981)

*Moore v. City of Pahucah*, 790 F.2d 557, 559 (6th Cir. 1986)

*National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 117, (2002)

*Phillips v. US Dept. of Education*, 2017 US Dist. Lexis 201779, *3, No. 3:17-1026 (M. Dist. Tenn., Nov. 9, 2017)

*Richardson v. Metro. Family Servs.*, No. 14-cv-1711, 2014 U.S. Dist. LEXIS 174519, 2014 WL 7205581, *3 (N.D. Ill. Dec. 18, 2014)

*Sherwood v. Prelesnik*, 579 F.3d 581 (6th Cir. 2009)

*Smith v. Hudson*, 600 F.2d 60 (6th Cir.), *cert. dismissed*, 444 U.S. 986 (1979)

*U.S. National Railroad Pass. Corp. v. Morgan*, 536 U.S. 101, 117 (2002)


## Statutes and Constitutional Provisions

29 U.S.C. 2601, et. seq.

29 U.S.C. 2654

42 U.S.C.A. 2000e, et. seq.

42 U.S.C.S. 12100, et. seq.

## <u>Other Authorities</u>

6 Cir. R. 26.1

6 Cir. R. 27(d)

Fed. R. App. P. 26.1

Fed. R. App. P. 32(a)(5)

Fed. R. App. P. 32(a)(6)

Fed. R. App. P. 32(a)(7)(B)

Fed. R. App. P. 32(f).

Fed. R. Civ. P. Rule (8)(a)

Fed. R. Civ. P. 15 (a)(2)

### III. STATEMENT REGARDING ORAL ARGUMENT

Appellant Barbara Phillips does not request oral argument in this case since the facts and applicable law are straightforward. However, should the Court wish to hear argument of counsel, the undersigned is prepared to present oral argument to this Honorable Court.

## IV. STATEMENT REGARDING JURISDICTION

The district court entered a final judgment dismissing Appellants' claims on January 10, 2023. The Appellant timely appealed on February 8, 2023. Accordingly, this Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 because the Appellant is appealing a final judgment.[1]

Furthermore, Appellant Barbara Phillips is a citizen of the United States, residing in Memphis, Shelby County, Tennessee. Defendant Shelby County Government (hereinafter "SCG") is a governmental entity doing business in and under the laws of the State of Tennessee. Venue was appropriate in this Court since both parties are established in the Sixth Circuit and the events giving rise to the claims occurred here. The Court therefore has subject matter jurisdiction.

---

[1] On October 3, 2022, Appellant appealed the lower court's July 1, 2022, order granting (in part) defendant's motion to dismiss as well as the lower court's September 13, 2022, order denying her motion for reconsideration regarding the July 1, 2022, order. However, on November 3, 2022, this Honorable Court dismissed Appellant's prior appeal for lack of jurisdiction, on the ground that those orders were not "final" orders. The claims underlying Appellant's previous appeal are now ripe since the lower court has issued a "final" and qualifying order. She now consolidates her appeal of those prior judgments and the instant final order.

## V. INTRODUCTION

This case involves a former Shelby County government employee who was subjected to an **ongoing** series of violations such as discrimination, retaliation, a hostile work environment, disparate treatment and, *inter alia*, constructive discharge. This is not a 'run-of-the-mill' case involving a disgruntled former employee; rather, Defendant's actions (and inactions) were so severe that Appellant Barbara Phillips (hereafter "Appellant" or "Phillips") nearly lost her life.

Appellant began working for SCG in May 1998 as a deputy jailer in Memphis, Tennessee. SCG has two jail locations, *to wit*, Jail East, which is located at 6201 Haley Road; and the Shelby County Jail, which is located at 201 Poplar Street. From 2013 to 2014, Phillips was working as a deputy jailer at Jail East and was later transferred to 201 Poplar Street.

Phillips was 51 when she took her most recent medical leave and she utilized FMLA for the first time in 2001 due to an asthmatic condition which developed as a result of chemical exposure at the workplace. Each week Appellant made complaints to SCG and requested accommodations and to work in sections of the jail that did not require the use of harsh chemical agents that caused and exacerbated her health problems.

Appellant suffered emotionally and mentally as a result of repeated requests for accommodations—to the point of being traumatized by SCG's deliberate

indifference to the health and safety of herself and other human beings. Appellant made formal complaints to supervisors Hamilton, Fields, and Bolden since at least February 2013. SCG was deliberately indifferent. Appellant then filed formal complaints with Assistant County Attorney Ginny Bozeman and Ethics Code Officer and Attorney Damon Griffin. These complaints were attached to the Original Complaint filed in the lower court and were attached as Exhibit C thereto. [*Pro Se Complaint, Exhibit C*, RE 1-3, Page 1-4; Page ID# 25-28]

Defendant has been aware—since at least May 8, 2013—that Appellant was suffering as a result of employment conditions, and her health began to debilitate thereafter. Intensive EAP was ordered by medical professionals as a result of job-related injuries and experiences. She was later diagnosed with stress, PTSD, anxiety, insomnia, and major depressive disorder without psychosis. Defendant was at all times relevant, aware of this, and SCG was the direct and proximate cause thereof.

From 2013 through at least August 29, 2020, Appellant was evaluated by medical providers who determined that her mental health was worsening. Experts also determined that her physical health was worsening, and that such debilitation was linked to Appellant's exposure to harsh chemical agents, to include "Razor Orange." Indeed, the ROI resulting from the investigation of the charge expressly

references this particular chemical agent and its adverse effects on Appellant—yet the lower court somehow erred and stated otherwise.

Beginning in at least 2013 and lasting until at least November 11, 2020, SCG was using Razor Orange which caused Appellant to have difficulty breathing, teary eyes and very severe migraines. On or about January 16, 2020, and weekly (when getting her work schedules) through at least November 11, 2020, Appellant requested accommodations and a transfer to a section of the jail that did not require the use of said chemical agent, but her requests were outright ignored by Defendant.

Beginning on or about September 2013—but especially from January 16, 2020, and lasting until at least November 2020, Appellant experienced repeated medical emergencies as a result of her exposure to the harsh chemicals. At least monthly, from January 16, 2020, through November 11, 2020, Appellant suffered severe asthma attacks to the extent that she nearly lost her life due to asphyxiation and the lack of oxygen. She was transported to the emergency room and now suffers adverse cognitive debilitation due to the lack of oxygen to the brain.

From January 2018 through and until at least December of 2020, Appellant's exposure to harsh chemicals increased; and between January 16, 2020, and November 11, 2020, she experienced 7-8 injuries while on the job at SCG. Indeed, her medical condition worsened and she experienced asthma attacks multiple times

and anaphylactic shock on at least five occasions from January 16, 2020, through November 11, 2020 (and beyond). In fact, one at least five (5) occasions from January 16, 2020, through November 11, 2020, Epinephrine (the "Epi-pen") was administered in order to save Appellant's life, and she had to use an oxygen machine to stabilize her vitals between January 15, 2020, and November 11, 2020. Notably, she repeatedly requested accommodations beginning at least on January 16, 2020 (and thereafter weekly as she received her work schedules and assignments) and lasting until at least November 11, 2020, but her requests were either ignored or denied. Consequently, the Appellant suffered adverse effects since Epinephrine negatively affects the Appellant's diabetic condition.

Since January 16, 2020, and through November 11, 2020, Appellant was hospitalized at least four (4) times as a result of her anaphylactic reactions, which are well documented. Medical providers established that harsh chemical exposure at SCG was the cause, and provided directives to avoid exposure and provided notice to Defendant that Appellant should be provided reasonable accommodations.

Weekly, from at least January 16, 2020, through at least November 11, 2020, Appellant repeatedly requested accommodations and safe and available work areas, but her requests were purposely denied and ignored. Appellant provided notice of her conditions and requested accommodations by and through the chain

of command—from Human Resources to the Chief of the facility. However, accommodations were not provided, and she suffered as a result.

Similarly situated officers received accommodations for their health conditions. Even officers with less seniority were allowed to work in areas free of harsh chemicals and cleaning products; erstwhile, her requests went unfulfilled.

On or about January 16, 2020, Appellant notified SCG union representative Ronald Nesbitt, Chief Askew and Chief Fields about workplace harassment, bullying, and their refusal to accommodate. She also notified them that her current work conditions were causing serious health and safety concerns. She again requested accommodations, but her requests were denied.

Beginning in March of 2020, the use of harsh chemicals increased and daily, via email, in-person and telephonically, Phillips continued to request accommodations for her well-documented disabilities. However, and again, no accommodation was made.

On or about July 6, 2020, Appellant notified Human Resources that she would not be able to work mandatory overtime due to repeated allergic reactions and adverse health risks associated with harsh chemicals being used every hour at SCG. Upon information and belief, Tameka Taylor directed Appellant's concerns to the shift commanders, and Chief Askew informed the Appellant that he read her email but "she is required to work mandatory overtime" regardless of her health.

He advised Appellant to speak to shift commanders about the issue, and they would "attempt" to accommodate her. However, such guidance was of no import as Appellant was once again ignored or denied reasonable accommodations and instead continued to suffer.

From at least January 15, 2020, and through at least November 11, 2020, Appellant was forced to utilize a chemical agent called Biovex every day that she was at work. Tyler Grantham, a representative of BioVex, confirmed that BioVex is harmful to use without ventilation and should only be used on hard surfaces. Nevertheless, SCG forced Appellant to use BioVex on face masks which caused direct inhalation of the harmful agent.

On or about August 13, 2020, Appellant requested accommodations which included being allowed to stop using Biovex, and to be relocated to an area where such agents were not being used. SCG, by and through Sergeant N. Richardson, responded that Phillips would suffer adverse employment consequences if she failed to use and handle Biovex—notably, in a manner inconsistent with its intended use.

In order to maintain employment and not be terminated, Appellant Phillips was forced to continue working in unsafe and unfavorable conditions. due to her tenure, the length of time in her position (twenty-three years) and her proximity to retirement (twenty-five years). Her job performance has always been above

average, and her work record is pristine. Sadly, because of debilitating health resulting from SCG's refusal to accommodate, Appellant's health condition worsened to the point where she could no longer work under those conditions.

Due to SCG's negligence and deliberate indifference to her health and request for accommodations, Appellant suffered epileptic seizures. She also experienced undue stress, uncontrollable hypertension, worsened diabetes, and further mental health issues. Unable to work in unsafe and unhealthy conditions, Appellant was forced into long-term disability and received a termination letter because of her August 30, 2020, leave based on the aforementioned health conditions. In short, SCG's failure to accommodate caused Appellant financial losses and damages because Defendant terminated her employment.

Defendant placed Appellant in a conundrum: either risk her life by working in adverse conditions or lose her job. SCG's actions caused a constructive discharge and financial losses and damages.

The failure to accommodate between January 15, 2020, and November 11, 2020, caused Appellant to suffer severe anxiety, major depression, uncontrollable crying spells, weight and hair loss and decreased cognitive function.

Due to the failure to accommodate (despite specific requests), Appellant has had a reduction in income, has suffered an adverse credit rating, has been unable to pay some of her basic monthly bills, and almost lost her vehicle. In addition, the

Appellant has accrued substantial medical debt due to her worsened physical and mental health conditions.

As a direct and proximate result of the acts and omissions of Defendant, through its agents, representatives and employees, Appellant has suffered substantial damages and injuries, including loss of income and benefits, humiliation, embarrassment, and emotional distress, in violation of said laws.

Defendant, by law, is required to provide reasonable accommodations to employees with disabilities unless doing so would cause significant difficulty or expense for the employer. Defendant would not have faced any hardship by providing reasonable accommodation; it simply refused to do so after the Appellant made ample requests.

As a result of the Defendant's refusal to accommodate, the Appellant has suffered a substantial decline in her health and nearly lost her life on multiple occasions between January 15, 2020, and November 11, 2022.

Defendant treated Appellant differently than other employees who were similarly situated, and she was treated differently because of her disability.

Appellant requested for years to be placed in an area away from harmful chemicals that agitate her condition—and did so repeatedly between January 15, 2020, and November 11, 2020, but those requests have been vehemently refused on

every level of management. However, these safer work areas have been given to other officers with disabilities as well as officers with less seniority.

Appellant has demonstrated that she is disabled as that term is defined under federal law, and she is member of a protected class due to her disabilities, asthma, and diabetes. She furnished SCG with various doctor's notes, discharge summaries, on the job injury write ups and FMLA and human resource records but they remained deliberately indifferent.

Appellant maintains that conditions of her work environment—and especially the failure of SCG to accommodate—affected her term, condition, or privilege of employment and was sufficiently severe and pervasive to alter the conditions of her employment and created an abusive working environment.

Appellant has been ignored and aggressively excluded from the privileges of the average officer of her tenure, despite her continued requests for accommodations from January 15, 2020, through November 11, 2020. As an officer with more than twenty-three years of tenure, she has been denied working in safe conditions for discriminatory reasons and the failure to accommodate well-known disabilities and health conditions is unacceptable.

SCG subjected Appellant to unhealthy work conditions, retaliation for requesting accommodations, and harassment and discrimination because of her health conditions. In sum, Appellant maintains she experienced a hostile work

environment as a result of SCG's failure to accommodate and resulting behaviors. Such conditions were so intolerable that a reasonable person in her position would not be able to stay.

As a proximate cause of Defendant's conduct between January 15, 2020, and November 11, 2020, Appellant has suffered and continues to suffer substantial losses in earnings, retirement benefits and other employee benefits that she would have received had defendants made reasonable accommodations and not violated her rights. As a further proximate result of the above-mentioned acts, Appellant suffered economic losses, humiliation, mental pain, and anguish.

Sadly, the lower court failed to examine the entire record and dismissed Appellants case for reasons legally unavailable at that stage of the proceedings. The lower court abused discretion and committed legal error.

To be clear, Appellant was proceeding *pro se* and alleged an ongoing violation or series of violations beginning on at least January 1, 2013, and continuing until and through at least August 29, 2020. While an employee with the Shelby County Government (hereafter "Defendant" or "SCG"), Appellant was subjected to an ongoing series of violations for which she sought redress administratively and ultimately filed suit. She had been employed at SCG since 1998, and while enduring these dehumanizing violations, she remained employed and exceeded expectations as an employee. She was not unreasonably sensitive to

her work environment; rather, her work environment was so intolerable that a reasonable person would have been compelled to resign.

On November 11, 2020, after dozens and dozens of documented complaints to SCG, Appellant timely filed a *pro se* "Charge" with the Equal Employment Opportunity Commission (EEOC); it was assigned Case Number 490-2020-02592. Appellant did not get relief from filing the Charge, so she filed a Complaint in the U.S. District Court for the Western District of Tennessee. The Charge and the ensuing investigation explicitly involved every claim presented in the original *Pro Se Complaint*.  Evidence of such is found in the **comprehensive** *Report of Investigation* which also includes the Charge filed by Appellant and interview information. [*See Report of Investigation*, RE 30, Page 19 through 344; Page ID#s 326-651] Notably, Appellant expressly indicated in her 'charge' that the violations were part of a pattern or "continuing action" and indicated the earliest incident took place on or about January 1, 2013, with the latest incident taking place on at least August 29, 2020.[2]

---

[2] Phillips was initially proceeding *pro se*, and documentary evidence attached to the charge buttressed her allegations and charged events that were well-within the statute of limitations. Unfortunately, the lower court overlooked the information and records, possibly because the task was too arduous for the lower court to examine. However, and importantly, Appellant expressly stated she was "denied reasonable accommodations [in violation of the ADA] and" was subjected to "harassment" and that Defendant was "well-aware since she formally complained to Human Resources and made upper-level management aware of the violations as well as her disability and her "reasonable accommodations' request." Appellant

On August 30, 2021, a *Right to Sue Notice* was issued; Appellant therefore exhausted all administrative remedies and thereafter filed the aforementioned *Pro Se Complaint* in the lower court. Said *Complaint* contains seven claims against Defendant. Count One charges discrimination in violation of Title VII and the ADA; Count two alleges refusal to accommodate in violation of Title VII; Count three alleges retaliation in violation of Title VII; Count four alleges disparate treatment; Count five alleges hostile work environment; Count six alleges constructive discharge; and count seven alleges a violation of the FMLA.

Appellant was discriminated against for her disability and was not provided accommodations despite repeated requests for such. As a result, she suffered cataclysmic health consequences and was hospitalized. Defendant, at all times relevant, was aware that Appellant is a qualified individual with physical and mental impairments that substantially limit various major life activities and she has been classified by Defendant as a disabled person. She filed a *pro se Complaint* in

---

further (and expressly) charged that she was disciplined, discriminated against, and retaliated against because of her disability. She also charged she was retaliated against for participating in a protected activity, *to wit*, participating in an investigation into misconduct and testifying against Defendant in an unrelated case. *See First Amended Complaint (Report of Investigation attached)*, RE 30, Page 19 through 344; Page ID# 326-651]

the lower court to obtain relief, and the dismissal of her _Pro Se Complaint_ is at issue in the instant appeal.[3]

Defendant filed a motion to dismiss the _Complaint_ for various reasons, including an allegation that the _pro se Complaint_ was deficient. Defendant also presented that Appellant's claims were time barred. After both parties briefed the issues, the Magistrate Court issued a _Report and Recommendation_ ("R&R") which recommended that the District Court dismiss the _Complaint_ in its entirety.

Appellant filed Objections to the Magistrate's R&R and asked the Court to grant leave to amend the _Complaint_ in order that she could more specifically state her claims (a more definite statement) and to expressly list the dates of Defendant's charged acts in order to clarify that the acts fell within time limits. Appellant expressly filed a _Motion to Amend Complaint_, but the court refused to permit the _pro se_ litigant a chance to fully and adequately amend—which is perplexing. Appellant diligently sought to make a definite statement with regard to her claims and point out that virtually all of the charged acts took place within time limits. Such an amendment would have saved each and every of Appellant's claims;

---

[3] Mrs. Phillips exhausted all her administrative remedies and timely filed a _Complaint_ in the lower court under the American with Disabilities Act, 42 U.S.C.S. 12100, et. seq. ("ADA") and the Family Medical Leave Act, 29 U.S.C.A. 2601, et. seq. ("FMLA"), and Title VII of the Civil Rights Act, 42 U.S.C.A. 2000e, et. seq. ("Title VII"), among other things.

however, the District Court issued its *Final Order* and initially dismissed with prejudice all but one of Appellant's claims, *to wit*: Failure to Accommodate.

The Court's Order only permitted Appellant to "amend a single claim relating to accommodations." To the extent Appellant maintains the lower court erred when ruling the Charge did not encompass all her claims, and since the hostile work environment claim should stand notwithstanding the time limit defenses, Appellant filed a *Motion to Reconsider.* However, the District Court denied the *Motion for Reconsideration* so Appellant immediately filed a *Notice of Appeal* to this Court. However, the appeal was ultimately denied for lack of jurisdiction since the order appealed was not "final" and the case not yet "ripe" for appellate review.

Consequently, on January 10, 2023, the district court issued a Final Order and Judgment dismissing Appellant's *Pro Se Complaint* in its entirety. [*Final Judgment,* RE 36, Page 1-2; Page ID # 675-76] Such dismissal was grounded in the Court's agreement with the Magistrate's R&R that the *Complaint* failed to satisfy Fed. R. Civ. P. Rule (8)(a)'s requirement of containing a short and plain statement of the claim showing that the pleader is entitled to relief, and that the *Complaint* fails to state a claim under the ADA for any events taking within the

statute of limitations—or within 300 days of the alleged discriminatory acts.[4] It further dismissed claims of discrimination, disparate treatment, harassment and hostile work environment, retaliation, and wrongful termination because the *Pro Se Complaint* was not specific enough, or because it did not contain enough facts. *See Order Adopting the Magistrate's R&R, RE 24, Pg.12; Page ID# 226* ("she links no factual allegations" . . . "the complaint does not allege" . . . "she does not identify" . . . "the complaint is unclear" . . . "what alleged failure to accommodate happened within the statute of limitations [?]" . . . "The question [is] whether Appellant alleged any discriminatory conduct within that window of time"…."And Plaintiff now wants to amend her complaint to correct that problem.")

In short, the district court dismissed the entire *Complaint* for failure to clearly state a claim. However, because the EEOC charge was considered part of the pleadings, the lower court erred in determining that the *Complaint* lacked sufficient facts since those facts were essentially "attached" to the *Complaint*. Nonetheless, the court erred by refusing to allow a *pro se* litigant to freely amend her *Complaint*, which would have cured any deficiencies. In fact, Appellant filed her *Amended Complaint*, but the district court abused its discretion and committed legal error by striking it. Furthermore, the district court's dismissal for a statute of

---

[4] The lower court stated that "the statute of limitations bars any claims before January 15, 2020. And so dismissal is appropriate for those claims." [*Order Adopting R&R*, RE 24, Pg. 11; Page ID# 225]

limitations violation was inappropriate and legally unavailable at this stage of the proceedings, so the court likewise erred.

And to the extent the court determined Mrs. Phillips could amend the complaint as to ***one* claim** after it found "the *Complaint* [] unclear about what alleged failures to accommodate happened within the statute of limitations," it should likewise have permitted an amendment of ***each* of her claims** on the exact same grounds. This is commonsensical; the court dismissed the other claims for not being specific enough or not containing sufficient facts and dates. *See Final Order, RE  24, Pg. 12; Page ID# 226* ("she links no factual allegations" . . . "the Complaint does not allege" …."she does not identify" . . . "the Complaint is unclear" . . . "The question [is] whether Appellant alleged any discriminatory conduct within that window of time.")

Ultimately, the court also should not have granted the defendant's motion to dismiss.  For all these reasons, and in accordance with well-settled law, the district court's order should be **REVERSED.**

## VI. STATEMENT OF THE ISSUES

1. **WHETHER THE DISTRICT COURT ERRED BY NOT ALLOWING A *PRO SE* APPELLANT TO AMEND HER COMPLAINT BEFORE DISMISSING IT?**

2. **WHETHER THE DISTRICT COURT ERRED WHEN RULING THAT ONLY ONE (1) OF APPELLANT'S CONTENTIONS COULD BE AMENDED AND CONSIDERED?**

3. **WHETHER THE MOTION FOR RECONSIDERATION TOLLED THE TIME TO AMEND THE COMPLAINT?**

4. **WHETHER THE DISTRICT COURT ERRED BY GRANTING A 'TIME-LIMIT' DISMISSAL AT THAT STAGE OF THE PROCEEDINGS? OR IF THE COURT SHOULD HAVE RULED ON THE MERITS INSTEAD?**

## VII. STATEMENT OF THE CASE

Appellant, acting pro se, filed her original *Complaint* against Shelby County Government ("SCG") on November 23, 2021. The original *Complaint* contained a variety of causes of action against the County, including discrimination under the ADA and Title VII, refusal to accommodate Appellant's disability, Retaliation, hostile work environment, constructive discharge, and violation of the FMLA [*Pro Se Complaint*, RE 1, Page ID# 1-2]

SCG responded by moving the Court to dismiss the entire *Complaint* for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [*Defendant's Motion to Dismiss Complaint*, RE 11; Page ID# 103-126]

Magistrate Judge Charmian G. Claxton entered a *Report and Recommendation* ("R&R") analyzing the viability of the *Complaint* in light of the County's *Motion to Dismiss*. [*Magistrate's R&R*; RE 15; Page ID# 162-171] Magistrate Claxton recommended that all of Plaintiff's claims be **DISMISSED** with prejudice except those that arose after the filing of her EEOC Charge, which he recommended be dismissed without prejudice. [*Id*.]

On May 27, 2022, Appellant filed objections to the adoption of the R&R [*Plaintiff Objections to R&R*; RE 20; Page ID# 183-200] and a Motion for Leave to Amend her original Complaint [*Plaintiff's Motion for Leave to Amend Pro Se Complaint*, RE 21; Page ID# 201-205] On June 10, 2022, Defendant responded in

opposition to both of Appellant's filings. [*Defendant's Response to Plaintiffs Objections to the R&R*, RE 22; Page ID# 206-208, and *Defendant's Response in Opposition to Plaintiff's Motion to Amend/Correct Pro Se Complaint*, RE 23, Page ID# 209-214, respectively]

On July 1, 2022, the court ruled on the R&R; it did not adopt the entire R&R; instead, it granted Appellant's motion and allowed 30 days to amend only one (of several) claims, *to wit*, failure to accommodate claim under the ADA. [*Order Adopting Magistrate's R&R*, RE 24, p. 13; Page ID# 227] The Court specifically found that "the complaint is unclear about what alleged failures to accommodate happened within the statute of limitations" and that "[t]he Court will therefore let Plaintiff amend her complaint only as to the failure to accommodate claim under the ADA." [*Order Adopting Magistrate's R&R*, RE 24, pgs. 12-13; Page ID# 226-227]

On July 29, 2022, Appellant immediately filed a *Motion for Reconsideration* [*Plaintiff's Motion for Reconsideration*, RE 25; Page ID# 228-293] and SCG filed a motion in opposition on August 12, 2022. [*Defendant Response in Opposition to Plaintiff's Motion for Reconsideration*, RE 26; Page ID# 294-297] On September 13, 2022, the district court denied Appellant's motion. [*Order Denying Motion for Reconsideration*, RE 27; Page ID# 298-300] On October 3, 2022, Appellant filed an appeal to the Sixth Circuit [*Plaintiff's Notice of Appeal*, RE 28; Page ID# 301]

which was dismissed without prejudice on the grounds that the appeal was premature since the order was not a "final" order. [*Dismissal Order from the 6th Circuit*, RE 32, Pg. 1-3; Page ID# 661-663]

On October 13, 2022, Appellant filed her *Amended Complaint* in accordance with the Court's Order, but the Defendant filed its second motion to dismiss the (amended) *Complaint*, for failure to state a claim. [*Defendant's 2nd Motion to Dismiss*, RE 31; Page ID# 652-660]

On November 3, 2022, the Sixth Circuit dismissed the appeal for lack of jurisdiction since the order appealed was not a "final" order. [*Dismissal Order from 6th Circuit*, RE 32, Pg. 1-3; Page ID# 661-663]

Then, on January 9, 2023, the district court granted defendant's motions to dismiss [*District Court Order Granting Motion to Dismiss,* RE 35; Page ID# 672-674] and on January 10, 2023, the district court issued its judgment dismissing all of Appellant's claims and her entire *Complaint*. [*District Court Final Judgment of Dismissal*, RE 36; Page ID# 675-676]

On February 8, 2023, Appellant filed her *Pro Se Notice of Appeal* [*Pro Se Notice of Appeal*, RE 37; Page ID# 677-679] and the instant appeal ensued.

Appellant asks to consolidate both her initial appeal to this Court (No. 22-5923), as well as the current appeal (No. 23-5118).

**She fully incorporates her initial appeal notice and pleading (and the contentions set forth therein) as if fully set-forth herein.**

## VIII. <u>SUMMARY OF ARGUMENT</u>

First, the district court erred by not allowing Appellant to amend her complaint before dismissing it, because she is a layman and prosecuted her case *pro se*. As this Honorable Court is aware, both statutory law and binding case law require a district court to allow a person to "freely amend" her *Complaint* before dismissing it. And to the extent the court's dismissal was rooted in a lack of specificity or deficient statements, the court erred.

Second, the district court erred when ruling that only one (1) of appellant's contentions could be amended and considered. This is because the very same reasoning behind the court's decision to allow one claim to be amended, equally applied to the other claims, *to wit*: a lack of specificity, clarity and/or information.

Third, the lower court erred when dismissing her amended *Complaint* as untimely and by dismissing the failure to accommodate claim. This is because a motion for reconsideration tolls the time limits. Furthermore, the time limit set by the court was not jurisdictional or statutory.

Fourth, the district court erred by granting a 'time-limit' dismissal at that stage of the proceedings because such is not legally permissible. Rather, the court should have examined the *Complaint* on its merits.

## IX.   ARGUMENT

Pursuant to FRAP 28(a)(8)(B), the standard of review for each of Appellant's claims is *de novo*, as they are questions of law. Furthermore, to the extent the case involves administrative proceedings, these too are reviewed *de novo*.

### A. THE DISTRICT COURT ERRED BY NOT ALLOWING APPELLANT TO AMEND HER COMPLAINT BEFORE DISMISSING IT

As an initial matter, because Appellant was proceeding *pro se*, the district court had to liberally construe her pleading and hold the *Complaint* to a less stringent standard than a similar pleading drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972). Rule 15(a) of the Federal Rules of Civil Procedure explicitly states that leave to amend a pleading should be "freely given when justice so requires." *Fed. R. Civ. P.15(a)*. The Supreme Court has interpreted this statement to mean that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). *See also Benzon v. Morgan Stanley Distribution*, 420 F.3d 598 (6th Cir. 2005) (leave to amend "shall be freely given.")

In the case at bar, the district court erred by refusing to allow Appellant to amend her *Complaint* to cure the alleged deficiencies and lack of dates and/or information. This Honorable Court should remand on this ground alone since the Sixth Circuit "manifest[s] 'liberality in allowing amendments to a complaint," *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987), and because this Court **strongly** and repeatedly encourages that cases be decided on the merits, rather than a defendant's motion to dismiss. "The thrust of *Rule 15* is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). "This court's general policy is not to grant motions to dismiss except for lack of jurisdiction, see 6 Cir. R. 27(d), which reflects the court's strong preference for resolving [cases] on the merits." *Martin v. Fluegeman,* 2020 U.S. App. LEXIS 33853, No. 20-1484, (6th Cir. 2020).

Here, the district court failed to weigh the merits of the case; it simply got the case off its docket based on technicalities of the pleading, identified by a defendant's a motion to dismiss. However, "[t]his court's general policy is not to

grant motions to dismiss except for lack of jurisdiction.[5]" *Id*. Thusly, the lower court erred by granting the motion to dismiss rather than allowing Appellant to amend her *Complaint*.

Accordingly, the district court erred by striking Appellant's *Amended Pro Se Complaint* which sought to correct any alleged deficiencies.[6] This Honorable Court should **REMAND** the case so that Appellant can amend her *Complaint* and have these very serious claims decided on the merits.

**B.** **THE DISTRICT COURT ERRED WHEN RULING THAT ONLY ONE (1) OF APPELLANT'S CONTENTIONS COULD BE AMENDED AND CONSIDERED.**

The lower court legally erred and abused its discretion by finding grounds to permit amending only *one* claim (failure to accommodate)—instead of permitting Appellant to amend *each* claim presented in her *Complaint*. Rule 15 of the Civil Rules provides that leave to amend should be freely given, yet the court failed to allow Appellant to simply add a more definite statement or clarify the exact actions that took place within the agreed timeframe.

---

[5] The Sixth Circuit has ruled that the 300-day period is not "jurisdictional." *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 578 (6th Cir. 1992).

[6] It is perplexing that the district court dismissed the *Complaint* rather than permit an amendment, because in that court, "[w]hen a motion to dismiss is filed a Appellant is given time under Rule 15 to amend the *Complaint* to cure defects." *Phillips v. US Dept. of Education*, 2017 US Dist. Lexis 201779, *3, No. 3:17-1026 (MD TN, Nov. 9, 2017).

First, Appellant maintains the district court was required to liberally construe her pleading and hold her *Complaint* to a less stringent standards. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972). Rule 15(a) of the Federal Rules of Civil Procedure explicitly states that leave to amend a pleading should be "freely given when justice so requires." *Fed. R. Civ. P.15(a)*. "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Given this framework, the court should have permitted the amendment to the *Complaint*.

Second and more specifically, because the lower court determined Mrs. Phillips could amend the complaint as to ***one* claim** after it found "the *Complaint* [] unclear about what alleged failures to accommodate happened within the statute of limitations," it should likewise have permitted an amendment of ***each* of her claims** on the exact same grounds. This is commonsensical; the court adopted the position of the R&R dismissed the other claims for not being specific enough or not containing sufficient facts and dates. *See Order Adopting R&R, RE 24, Pg. 12; Page ID# 226* ("she links no factual allegations" . . . "the Complaint does not

allege" … "she does not identify" . . . "the Complaint is unclear" . . . "The question [is] whether Appellant alleged any discriminatory conduct within that window of time.") Thus, it should have permitted her to furnish a more definite statement as to the dates and events falling within the timeframe for each of her claims.

Third, the district court certainly committed legal error as it regards Appellant's hostile work environment claims, to which the court erroneously ruled Appellant's hostile work environment claims were barred by 300-day the statute of limitations. This fatuous conclusion is belied by the Supreme Court precedent. *See U.S. National Railroad Pass. Corp. v. Morgan*, 536 U.S. 101, 117 (2002). In *National Railroad*, the United States Supreme Court recognized that a hostile work environment claim can include incidents that take place *beyond* the 300-day filing period because those incidents, when combined with the incidents that take place inside the period and constitute a single unlawful employment practice for Title VI purposes. Such hostile work environment claims should include actions taking place ***before and after*** the 300-day period because they represent "continuing" action. In order to be timely, the EEO contact need only be made within 45 days of "any act that is part of the hostile work environment." *Id. at 118*. Give the facts present in this case, the district court erred since Appellant's *Complaint* expressly

alleges "continuing" actions taking place over a period of time that amount to a hostile work environment.[7] As such, a remand is necessary in this case.

Fourth, each of Appellant's claims should have been considered by the court since the dismissed claims were related to and arose out of the exact same EEOC charge[8] and because at the earlier stage, Appellant was not in possession of the Defendant's rebuttal evidence and/or the EEOC Report of Investigation. Importantly, both records prove that the exact claims the Court dismissed as *not part of the charge were indeed presented as part of the charge*. The newly discovered rebuttal documents, which are part of the lower court's record, made clear that Appellant's claims (which were excluded by the district court) all arose from the same exact claim, charge, and investigation. Appellant made the district court aware of newly discovered evidence and that it made a clear legal error, and that such would further justify permitting an amendment under **Rule 59**. This newly discovered evidence required the district court to permit Appellant to amend

---

[7] Appellant has explicitly argued that the unlawful employment practices represent a "continuing action" rather than an isolated event occurring only on a specific date. Even the lower court admits that Appellant alleges continuing conduct "beginning in 2018…and continuing into at least July 2020." [*Report and Recommendation*, RE 15, Pg. 7; Page ID# 168] The Magistrate also admits that the "general timeframe [charged in the *Complaint*] includes requests that are both inside and outside the statute of limitations," and that severe health complications are alleged to have occurred "countless times" over a specific period of time. [*Id*.]

[8] As an example, the EEOC charge does in fact mention BIOVEX and other chemical agents, as evidenced by the ROI and rebuttal evidence which are part of the record, but the Court erroneously ruled the Charge excluded such claims.

her *Complaint* in its entirety, especially since this Court's decision was based on the deficiency of the *Complaint* ("no factual allegations" ..."does not identify as retaliatory action"....) and because Appellant could demonstrate facts showing diligence in presenting her claims as they were indeed part of the charge and expressly presented. Sadly though, the court gave it absolutely no regard and therefore abused its discretion.

Ultimately, Appellant can indeed state a claim for which relief can be granted, and in fact has stated valid claims in this case. *Fed. R. Civ. P. 8(a)*. Appellant maintains that the very same basis for which the Court allowed an amendment to a single claim, equally applied to each of the dismissed claims in this case. And to the extent there are facts to support each allegation, this Court should **REMAND** the case so that Appellant can present all her claims.

## C. THE MOTION FOR RECONSIDERATION TOLLED THE TIME TO AMEND THE COMPLAINT.

The lower court erroneously dismissed Appellant's claims for not amending within 30 days and then erroneously and struck her *Amended Complaint* as untimely. The court's decision was legally misplaced because Appellant immediately filed a timely motion for reconsideration and such motions are *tolling* motions. *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119 (6th Cir.1982); *Carpenter v. Dalrymple*, 849 F.2d 1472 (6th Cir. 1988); and *Smith v. Hudson*, 600

F.2d 60 (6th Cir.), *cert. dismissed*, 444 U.S. 986 (1979). In fact, other Circuits have reached the very same conclusion. *See, e.g., Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665 (5th Cir.) (en banc), *cert. denied*, __ U.S. ____, 107 S.Ct. 398 (1986); *Cosgrove v. Smith*, 697 F.2d 1125 (D.C.Cir.1983); *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37 (2d Cir.1982); *Miller v. Leavenworth-Jefferson Elec. Co-op.*, 653 F.2d 1378 (10th Cir.1981); Hence, the *Amended Complaint* was timely and the court erred.

Second, the 30-day period set by the Court was not constrained by statute and it also is not jurisdictional. This is important because, even in cases where there are underline statutory time limits (and/or where time frames are jurisdictional in nature) the Sixth Circuit has ruled that the filing of a motion for reconsideration tolls the statutory and jurisdictional time periods. *See Sherwood v. Prelesnik*, 579 F.3d 581 (6th Cir. 2009); *Holbrook v. Curtin*, 833 F.3d 612 (6th Cir. 2016). Thus, given the discretionary time frame set forth by the lower court, controlling case law would not require any dismissal or striking of Appellant's *Amended Complaint*.

Third, the lower court disregarded that Appellant is *pro se* and is a lay person who is not trained in the law. She begged the lower court for a liberal application of the law and asked the district court for leave to file her *Amended Complaint* under Federal R. Civ. P 15 (a)(2)—if it determined the pleading was not

timely. Appellant pleaded with the lower court repeatedly; but again, the court failed to afford this *pro se* litigant the leniency required under Supreme Court case law. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972).

### D. **THE DISTRICT COURT ERRED BY GRANTING A 'TIME-LIMIT' DISMISSAL IN THE PLEADING STAGE OF THE PROCEEDINGS. INSTEAD, IT SHOULD HAVE RULED ON THE MERITS.**

Preliminarily, this Court has already determined that in a case, such as this, where the claims are of such serious nature, this "demands that the complaint be closely scrutinized by the district court before it is dismissed in the pleading stage of litigation." *Berndt v. State of Tenn.*, 796 F.2d 879, 883 (6th Cir. 1986). This is not like most cases where the Appellant failed to file for leave to amend her *Complaint*; rather, such a formal request to amend was indeed filed but the lower court erred by dismissing the claims without evaluating the merits. [*Id.*]

Second, Appellant posits the district court legally erred and abused its discretion by dismissing Appellant's claims based on a non-jurisdictional 'statute of limitations' defense. The court's decision punishes the *Complaint* for not protecting against an affirmative defense in the "pleading stage" of the case. "Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Cancer Found, Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674

(7th Cir. 2009), This is certainly not a case where Appellant's *Complaint* pleads her out of court—such as where it specifically alleges dates that are clearly outside the statute of limitations. Rather, as the lower court pointed out, Appellant failed to present exact dates of the alleged incidents, and merely charged a range of dates (inside and outside the statute of limitations) without distinguishing between those taking place outside or inside the limitations period. What the lower court should have done was allow Appellant to amend her *Complaint* so that she could provide a more definite statement and furnish the court with dates sufficient to determine whether there were acts within the limitations period.

"A complaint.….is not deficient because it fails to affirmatively assert the dates showing that the case is timely." *Richardson v. Metro. Family Servs*., No. 14-cv-1711, 2014 U.S. Dist. LEXIS 174519, 2014 WL 7205581, *3 (N.D. Ill. Dec. 18, 2014). Indeed, the mere failure of an Appellant to allege facts establishing that the statute of limitations was met is not a basis for dismissal at the pleading stage, *Friso v. Dynacorp International, LLC,* 2015 U.S. Dist. Levis 36683 (N.D. Ill., March 24, 2015), so this Court should REMAND the case so Appellant's claims can be evaluated in the merits.

Third, the precedents of the Sixth Circuit readily recognize that the 300-day period is not jurisdictional but "more in the nature of a statute of limitations that is subject to equitable modification." *Jackson v. Richards Med. Co*., 961 F.2d 575,

578 (6th Cir. 1992). Here, Appellant is entitled to equitable tolling because her EEOC charge expressly states that she zealously and repeatedly presented her grievances to Defendant (its Human Resources Department) and that no action was taken. Because the Defendant failed to adhere with the grievance process, this equitably tolled the limitation period.

Even more, the Court should note that Appellant exercised diligence in pursuing her rights by grieving to nearly every administrator in Shelby County Government including her supervisors, Human Resources, the Assistant Chief, and the Chief himself. The record is replete with hundreds of emails to this effect. Appellant also contacted the manufacturer of the chemical agents used by her employer, to investigate the hazards of Defendant's chemicals causing her to experience health problems.

This Court should also note that Appellant is a layman who lacked formal notice of specific filing requirements and lacked constructive knowledge of the requirements. Defendant would suffer absolutely no prejudice from "tolling" in this case, as it has been made aware of these claims for several years.

Fourth, U.S. Supreme Court precedent forecloses the district court's ruling because, from the onset, Appellant has explicitly argued that the unlawful employment practices represent a "continuing action" rather than an isolated event occurring only on a specific date. Should the Court examine the Magistrate's R&R.

40

the lower court admits that Appellant alleges continuing conduct "beginning in 2018…and continuing into at least July 2020." [*Report and Recommendation*, RE 15, Pg. 7; Page ID# 168] The Magistrate also admits that the "general timeframe [charged in the *Complaint*] includes requests that are both inside and outside the statute of limitations," and that severe health complications are alleged to have occurred "countless times" over a specific period of time. [*Id*.] Notably, the United States Supreme Court recognized that a hostile work environment claim can include incidents that take place *beyond* the 300-day filing period because those incidents, when combined with the incidents that take place inside the period and constitute a single unlawful employment practice for Title VI purposes. *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 117, 122 S. Ct. 2061, 153 L. Ed. 2D 106 (2002). To be timely, the EEO contact need only be made within 45 days of "any act that is part of the hostile work environment." *Id. at 118*. Give the facts present here, the district court erred.

Fifth, dismissal with prejudice is far too harsh of a sanction since this case involves a *pro se* Appellant that—through omission or scrivener's error—failed to state the exact dates of well-documented employment practices in her *Pro Se Complaint*. As this Court is well-aware, pleadings filed by *pro se* litigants are to be "liberally construed" and "a *pro se* Complaint, however unartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers."

*Erickson v. Pardus,* 551 U.S. 89, 94 (2007). As the Sixth Circuit has clarified, "dismissal without prejudice may be as harsh a remedy as dismissal with prejudice where, as here, the limitation period [has] ended." *In re Love*, 3 F. App'x 497, 498 (6th Cir. 2001). "[W]here the applicable statute of limitations probably bars further litigation, the district court's dismissal should be reviewed as if the dismissal had been with prejudice. *Curtis v. Quarterman*, 340 F. App'x 217, 218 (5th Cir. 2009). Indeed, dismissal is too harsh a sanction in this case.

The more appropriate action would have been for the district court to permit Appellant to *amend* her inartful *Complaint* to include the "dates" of the charged violations since the Court clearly took issue with Appellant's "general timeframe." Such would have allowed the lower court to specifically capture the actions which took place within the statute of limitations. *See Fed. R. Civil P. 15* (district courts should freely grant a litigant leave to amend a deficient *Complaint* rather than dismiss it). This is especially true where, as here, the claims are serious in nature and this Honorable Court's precedent strongly encourages that such claims be examined on the merits.

## E. <u>CONCLUSION</u>

For the foregoing reasons, the district court's order should be **REVERSED**, and this Court should remand this case with instructions to grant the Appellants' motion for leave to amend the Complaint and award Appellant her reasonable costs and attorney's fees.

**Date: October 4, 2023**

Respectfully submitted,

<u>/s/ Stephanie D. Moss</u>
Stephanie D. Moss, Esq.

**THE MOSS LAW GROUP**
1800 Phoenix Boulevard, STE 128
Atlanta, Georgia 30349
P: (901) 691-7679
E: smoss@mosslawgroup.com

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains no more than 9313 words, despite parts of the brief being exempted by Fed. R. App. P. 32(f).

This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

By:    ***<u>/s/ Stephanie D. Moss</u>***
        Stephanie D. Moss, Esq.
        *Counsel for Appellant*

**THE MOSS LAW GROUP**
1800 Phoenix Boulevard, STE 128
Atlanta, Georgia 30349
P: (404) 446-9923
E: smoss@mosslawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Opening Brief of Plaintiff-Appellant with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

**Dated: October 4, 2023**

*/s/ Stephanie D. Moss*
**Stephanie D. Moss, Esq**.
*Counsel for Appellant*

**THE MOSS LAW GROUP**
1800 Phoenix Boulevard, STE 128
Atlanta, Georgia 30349
P: (404) 446-9923
E: smoss@mosslawgroup.com

**DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS**

| RE | DESCRIPTION OF DOCUMENT | PageID |
|----|------------------------|--------|
| 1 | **PRO SE COMPLAINT** Americans with Disabilities Act as Amended in Violation of Title VII of Civil Rights Act of 1964 as Amended 42 U.S.C. § 2000e filed by Barbara Phillips against Shelby County Government. (Attachments: # Exhibit A EEOC Notice of Right to Sue, # Exhibit B Summonses, # Exhibit C Shelby County Government Sworn Complaint, # Exhibit D Concern: EAP, # Exhibit E Education Instructions, # Exhibit F Medical Records Upon Request, # Exhibit G Interoffice Memos, # Exhibit H Email, # Exhibit I Emails, # Exhibit J Email, # Exhibit K Article on Spray, # Exhibit L Email, # Judicial Cards) | 1-92 |
| 11 | First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Shelby County Government. (Attachments: # Memorandum, # Exhibit A) | 103-126 |
| 12 | Plaintiff's Memorandum in RESPONSE to Shelby County Government's Motion re Motion to Dismiss filed by Barbara Phillips. | 127-145 |
| 13 | REPLY to Response to Motion re Response to Motion filed by Shelby County, Government. | 146-153 |
| 14 | Pro Se Plaintiff's SUR REPLY to Response to Motion filed by Barbara Phillips. | 154-161 |
| 15 | REPORT AND RECOMMENDATIONS re First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Shelby County Government. | 162-171 |
| 20 | PLAINTIFF'S OBJECTION to Report and Recommendations by Barbara Phillips. | 183-200 |

| 21 | PLAINTIFF'S MOTION for Leave to Amend Pro Se Complaint, by Barbara Phillips. | 201-205 |
|---|---|---|
| 22 | DEFENDANT'S *Response to Plaintiff's Objections to Magistrate's Report and Recommendation* | 206-208 |
| 23 | DEFENDANT'S RESPONSE in Opposition re MOTION to Amend/Correct Pro Se Complaint, *proposed order submitted* filed by Shelby County Government. | 209-214 |
| 24 | ORDER adopting in part Report and Recommendations re Motion to Dismiss for Failure to State a Claim and Granting in Part Motion to Amend Complaint. Signed by Judge Thomas L. Parker on 7/1/2022. | 215-227 |
| 25 | PLAINTIFF'S MOTION for Reconsideration re Order on Motion to Dismiss for Failure to State a Claim by Barbara Phillips, including communications as EXHIBITS | 228-293 |
| 26 | DEFENDANT's RESPONSE in Opposition re MOTION for Reconsideration re Order on Motion to Dismiss for Failure to State a Claim filed by Shelby County Government. (Entered: 08/12/2022) | 294-297 |
| 27 | ORDER denying Motion for Reconsideration regarding Order on Motion to Dismiss for Failure to State a Claim filed by Barbara Phillips. Signed by Judge Thomas L. Parker on 9/13/2022. | 298-300 |
| 28 | Plaintiff's NOTICE OF APPEAL filed by Barbara Phillips on 10/03/2022. | 301-304 |
| 30 | PLAINTIFF'S First Amended Complaint against Shelby County Government filed by Barbara Phillips (including EXHIBITS | 308-651 |

| | which begin at PageID 324 and end at PageID 651) | |
|---|---|---|
| 31 | DEFENDANT'S Second MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Shelby County Government. | 652-660 |
| 32 | DISMISSAL ORDER from 6th Circuit Court of Appeals, as to Notice of Appeal filed by Barbara Phillips. | 661-663 |
| 33 | USCA JUDGMENT as to Notice of Appeal filed by Barbara Phillips | 664 |
| 34 | Plaintiff's Response to Defendant's Motion re (Second) to Dismiss and Alternative Request for Leave to File Amended Complaint filed by Barbara Phillips. | 665-671 |
| 35 | District Court ORDER GRANTING Motion to Dismiss for Failure to State a Claim. | 672-674 |
| 36 | District Court FINAL JUDGMENT DISMISSING Plaintiff's claims. | 675-676 |
| 37 | Pro Se NOTICE OF APPEAL filed by Barbara Phillips. | 677-679 |