# 23-5118

# UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

## BARBARA PHILLIPS,

### Plaintiff/ Appellant

### v.

## SHELBY COUNTY, TN,

### Defendant/ Appellee

---

## BRIEF OF APPELLEE SHELBY COUNTY, TN

---

On appeal from the United States District Court for the Western District of Tennessee, Western Division, No. 2:21-cv-02730

Respectfully submitted,

JASEN M. DURRENCE (#33275)
*Attorney for Appellee*
SHELBY COUNTY ATTORNEY'S OFFICE
160 North Main Street, Suite 950
Memphis, TN  38103
(901) 222-2100
jasen.durrence@shelbycountytn.gov

Attorney for Appellee, Shelby County, Tennessee

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................2

V. STATEMENT REGARDING ORAL ARGUMENT ........................................3

VI. STATEMENT OF JURISDICTION ..........................................................3

VII. STATEMENT OF THE ISSUES ...........................................................3

VIII. STATEMENT OF THE CASE ............................................................3

IX. SUMMARY OF THE ARGUMENT ........................................................10

X. ARGUMENT ..............................................................................13

   A.  APPELLANT HAD THE OPPORTUNITY TO AMEND HER COMPLAINT AND THE DISTRICT COURT PROPERLY DISMISSED HER UNTIMELY AMENDED COMPLAINT .................................................14

   B.  THE DISTRICT COURT CORRECTLY DETERMINED THAT ONLY APPELLANT'S "FAILURE TO ACCOMMODATE" CLAIM COUND BE AMENDED ..............................................................................15

   C.  APPELLANT'S MOTION TO RECONSIDER DID NOT TOLL HER DEADLINE TO AMEND HER FIRST COMPLAINT ................................21

   D.  THE DISTRICT COURT DID NOT ERR IN FINDING THAT APPELLANT'S CLAIMS WERE TIME BARRED ......................................25

XI. CONCLUSION ...........................................................................27

CERTIFICATE OF COMPLIANCE ............................................................28

CERTIFICATE OF SERVICE .................................................................29

ADDENDUM ...............................................................................30

## TABLE OF AUTHORITIES

**Cases**

*Amini v. Oberlin College*, 259 F.3d 493 ...................................................26
*Booth Family Trust v. Jeffries*, 640 F.3d 134 .............................................20
*Booth Family* Trust, 640 F.3d at 139 .................................................. 22, 25
*Bray v. Palm Beach Co., 907 F.2d 150* ....................................................21
*Cancer Found, Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671 .......................25
*Carpenter v. Dalrymple*, 849 F.2d 1472 ...................................................23
*Cataldo v. U.S. Steel Corp.*, 676 F.3d 542 ................................................25
*Cole v. City of Memphis*, 839 F.3d 530 ...................................................16
*Dixon v. Ashcroft*, 392 F.3d 212 ..........................................................21
*Forman v. Davis*, 371 U.S. 178 ...........................................................17
*Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119 ........................................23
*Morgan* 536 U.S. at 104 .............................................................. 18, 19
*Morgan*, 536 U.S. at 118 ..................................................................18
*Morse v. McWhorther*, 290 F.3d 795 .......................................................14
*Morse*, 290 F.3d at 799 ...................................................................16
*Smith v. Hudson*, 600 F.2d 60 ............................................................24
*Tartt v. City of Clarksville*, 149 F. App'x 456 ...........................................25
*U.S. National Railroad Pass. Corp. v. Morgan*, 536 U.S. 101 ..............................17
*Weigel v. Baptist Hosp. of East Tennessee*, 302 F.3d 367 .................................20
*Williams v. Northwest Airlines*, 53 F. App'x 350 .........................................26

**Statutes**

42 U.S.C. § 2000e-5(e)(1)..................................................................25
42 U.S.C.A. §§ 12101 ......................................................................10

**Rules**

F.R.A.P. 4(a)(4)(A)(iv) ....................................................................23
Fed. R. App. Pro. 4(a)(4)(A)(iv) ..........................................................22
Fed. R. Civ. P. 59(e).......................................................................21
Fed. R. Civ. Pro. (a)(1)(A)-(B) ...........................................................21

## V. STATEMENT REGARDING ORAL ARGUMENT

Appellee Shelby County does not believe oral argument is necessary in this case and does not request such argument before the Court. Appellee is, however, prepared to fully address any issues raised herein at oral argument should the Court deem such argument necessary or helpful.

## VI. STATEMENT OF JURISDICTION

Appellee agrees with Appellant's Statement of Jurisdiction, contained at Page 8 of her Brief (Appellate Court Doc. No. 25), and does not contest this Honorable Court's jurisdiction to resolve the instant dispute.

## VII. STATEMENT OF THE ISSUES

Appellee will address the four (4) following issues raised by Appellant in this case as set out at Page 25 of Appellant's Brief (Appellate Court Doc. No. 25).

## VIII. STATEMENT OF THE CASE

This appeal arises from Appellant Barabara Phillip's original cause of action against her former employer, Appellee Shelby County, Tennessee ("the County"). Appellant was a *pro se* litigant during the entirety of the litigation in the District Court. Appellant filed her complaint in the District Court for the Western District of Tennessee, Western Division, on November 23, 2021. (See First Complaint, Dist. Ct. ECF No. 1, R. at PageID 1-15 ("First Complaint"). Appellant initially stated

seven (7) causes of action against the County, including 1) discrimination in violation of Title VII of the Civil Rights Act and Americans with Disabilities Act, 2) refusal to accommodate in violation of Title VII, 3) Retaliation in violation of Title VII, 4) disparate treatment, 5) hostile work environment, 6) constructive discharge, and 7) violation of the Families and Medical Leave Act. (*Id.* at PageID 9-14).

Appellant began working for the County in 1998. (*Id.* at PageID 3, ¶9). Appellant has at all times relevant to this Complaint worked for the County's Jail under the administration of the Shelby County Sheriff's Office. (*Id.*) Appellant's difficulties with her employment allegedly began in approximately 2013. (*Id.* at ¶11). Appellant's initial difficulties took the form of interpersonal friction with—and an apparent dislike for—her superior at the time, Sgt. Gail Peppers. (See, *e.g.*, First Complaint at ¶¶ 11-14, 17). Also in 2013, Appellant states that the Jail was using the cleaning product "Razor Orange", to which she was allegedly allergic. (Id. at PageID 5, ¶19). Also in 2013, Appellant claims she learned that she was allergic to "harsh chemicals." (*Id.* at PageID 5, ¶19). Appellant claims that Razor Orange triggered an allergic reaction in her that led to "difficulty breathing, teary eyes and migraines." (Id.).

Appellant alleges that the County failed to make accommodations for her allergies and otherwise discriminated/retaliated against her because of her alleged

disability. Appellant states numerous facts in the First Complaint that do not pertain to her claims for disability or discrimination claims. (See, e.g. First Complaint, R. at PageID 3-4, ¶¶ 11-14 (detailing Appellant's interpersonal problems with her then-supervisor, Gail Phillips)).   The most relevant facts for the purposes of this appeal fom the charge Appellant submitted to the local Equal Employment Opportunity ("EEOC") on November 11, 2020. (See EEOC Charge, Tr. Ct. ECF Doc. No. 11-2, R. at PageID 124-25).

In support of her Charge, Appellant stated in pertinent part:

In 2013, I made management and Human Resources aware of my disability and reasonable accommodation request. Since 2013, Lieutenant Gail Peppers, Sergeant Richardson and upper management have denied my reasonable accommodation request and have subjected me to work place harassment. Since 2013, I have complained to Human Resources, but nothing was done. In January 2020, I made George Askew, Assistant Chief, aware of my concerns. On August 10, 2020, Sergeant Richardson disciplined me because of my disability.

(Id.)

Appellant did not state in her Charge what "accommodations" she allegedly requested from her managers. The First Complaint indicates that the accommodations Appellant requested fall into the broad category of being reassigned to an area where "harsh chemicals" were not used for cleaning. (See, e.g. First Complaint, ¶¶19, 30, 31, 33, 34). Appellant continued to request the cessation of the use of "harsh" cleaning products throughout the ongoing Covid-19 pandemic in 2020. (Id. at ¶33).

Appellant apparently took extended sick leave beginning on August 30, 2020. (Id. at ¶40). Appellant claims that on March 3, 2021, while ostensibly still on sick leave, she received a "termination letter". (Id.) Appellant did not attach a copy of this letter to her First Complaint, and apparently does not quote the exact language of the letter in the First Complaint. Instead, Appellant appears to give her own perspective on the contents of the letter, stating "her options for continued long-term disability and that she would no longer be on the payroll and no longer a Shelby County employee after April 30, 2021." (Id.)

Thereafter, Appellant filed the instant lawsuit on November 23, 2021. The County was served with a copy of the Complaint on December 7, 2021. (See Tr. Ct. ECF No. 10). The County filed its First Motion to Dismiss (Tr. Ct. ECF Nos. 11, 11-1, and 11-3) the case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on December 23, 2021. The bases of the First Motion to Dismiss were that many of Appellant's causes of action fell outside of the relevant statutes of limitations; Appellant had failed to exhaust her administrative remedies with regards to many of her claims; and that Appellant had failed to meet the necessary pleading standards for her various claims. (See, generally First Motion to Dismiss). Judge Thomas L. Parker referred the First Motion to Dismiss to Magistrate Charmiane G. Claxton for review.

Magistrate Claxton found that all of Appellant's various claims should have

been dismissed for various reasons. (See Rept. and Rec., Tr. Ct. ECF No. 15 (Report)). Magistrate Claxton determined that the three-hundred-day filing deadline for administrative charges of discrimination meant that Appellant could only bring claims for alleged misconduct that occurred on or after January 15, 2020. (Rep.and Rec., R. at PageID 167). Magistrate Claxton, therefore, recommended that "the time-barred allegations include all allegations prior to that date, including any claim arising from the use of Razor Orange in 2013." (Id.).

Magistrate Claxton went on to find that, of the few claims in the First Complaint that were within the relevant statute of limitations, Appellant had failed to exhaust her administrative remedies for the majority of said claims. (Id. at PageID 169). Magistrate Claxton recommended that all of the non-time-barred claims be dismissed with the exception of Appellant's the claim that the County failed to accommodate Appellant's alleged disability as referenced in the "July 6, 2020 notification to Human Resources that [Appellant] would not be able to work mandatory overtime." (Id.).

Finally, Magistrate Claxton found that Appellant had not stated a valid claim under the ADA for failure to accommodate her with regard to the July 6, 2020 mandatory overtime. (Id. at PageID 170-71). Magitstrate Claxton stated:

> Here, Plaintiff's Complaint does not specifically allege that she made an accommodations request; instead, it states that she "notified Human Resources that she would not be able to work mandatory overtime" due to the hourly chemical usage. (Compl.

¶ 34). In response to that notification, she was informed that she was required to work mandatory overtime but that she could ask shift commanders for accommodations. (Id.) Plaintiff does not allege whether or not she did so and, if she did, what decisions were made.

(Id. at PageID 170).

The Magistrate ultimately recommended that the sole-surviving claim "failed to satisfy the requirements of Rule 8(a) and that any purported ADA claim for failure to accommodate that arises from these allegations be DISMISSED pursuant to Rule 12(b)(6)." (Id. at PageID 171).

Appellant filed an objection to the Report on May 27, 2022. (Pltf. Obj., Tr. Ct. ECF No. 20). Appellant also filed a Motion to Amend (Tr. Ct. ECF No. 21) her First Complaint on the same date. The County opposed both of Appellant's filings through responsive memoranda. The District Court found Appellant's objections to the Report largely without merit and entered an order dismissing most of the claims. (See, generally Ord. on Obj. and Amend., Tr. Ct. ECF No. 24).

The District Court, however, did find that the "[First Complaint] is unclear about what alleged failures to accommodate happened within the statute of limitations." (Id. at PageID 226). The District Court concluded that "the circumstances here justify allowing Plaintiff to amend her complaint to clarify the allegations underlying her ADA claim for failure to accommodate." (Id.). The District Court granted leave for Appellant to "amend her complaint ***only as to the***

***failure to accommodate claim under the ADA.***" (Id. at PageID 226-27) (emphasis added).

The District Court's Order (entered on July 1, 2022) granting Appellant limited leave to amend her First Complaint set a thirty-day deadline for submission of an amended complaint. Appellant did not comply with the thirty-day deadline and instead filed a Motion for Reconsideration (Tr. Ct. ECF No. 25) of the District Court's Order on the objections to/adoption of the Report on July 29, 2022. The County filed a Response in Opposition to Appellant's Motion for Reconsideration (Tr. Ct. ECF No. 26 ("Opposition to Reconsideration")). The District Court denied the Motion for Reconsideration, reasoning that "parties cannot use a reconsideration motion to re-argue a case" and that a party may not "introduce evidence for the first time in a reconsideration motion "where that evidence could have been presented earlier." (Ord. on Recon., Tr. Ct. ECF No. 27, R. at PageID 299) (internal citations and quotation marks omitted).

Appellant thereafter filed her Amended Complaint (Tr. Ct. ECF No. 30) on October 13, 2022. The County challenged Appellant's Amended Complaint through its Second Motion to Dismiss (Tr. Ct. ECF No. 31) filed on November 2, 2022. The County's partially based its Second Motion to Dismiss on the fact that Appellant's Amended Complaint was untimely as it was not filed within thirty (30) days of the District Court's July 1, 2022 Order on Reconsideration. (Second Mot. Dis., R. at

PageID 655-56).

The District Court found the County's argument as to the untimeliness of Appellant's Amended Complaint well taken and granted the County's Second Motion to Dismiss. (See Ord. Grant. Mot. Dis., Tr. Ct. ECF No. 35 ("Dismissal Order)). The Trial Court reasoned that Appellant "attempted to relitigate already-disposed-of issues in her motion for reconsideration (see ECF No. 25), and she did not file her amended complaint until mid-October 2022." (Id. at PageID 673). The Trial Court ultimately struck the Amended Complaint and dismissed Appellant's remaining claim without prejudice. Appellant thereafter filed the instant appeal.

## IX. SUMMARY OF THE ARGUMENT

This appeal arises from Appellant's claim that the County discriminated against her in based upon her disability in violation of the Americans with Disabilities Act, 42 U.S.C.A. §§ 12101, et seq. ("the ADA"). Appellant raises four (4) issues on appeal: 1) that the District Court erred by not allowing her to amend her entire First Complaint; 2) that the District Court erred by only allowing her to amend one (1) of the claims in her First Complaint; 3) that the District Court erred by failing to recognize that her Motion for Reconsideration tolled the thirty-day deadline for her to amend her First Complaint; and 4) that the District Court erred by finding that some of her claims were time-barred. The County maintains that the District Court did not commit any of the legal errors that Appellant raises. Indeed,

the District Court properly addressed Appellant's Motions to Amend her First Complaint and for Reconsideration of the District Court's dismissal of many of her claims. Further, the District Court properly struck Appellant's Amended Complaint as untimely and dismissed her case outright.

Appellant's first two (2) issues on appeal are largely duplicative. At base, Appellant's argument that the District Court erred by only allowing her to amend her failure to accommodate claim is a mirror of her argument that the court below erred by dismissing the remainder of her claims without allowing amendment. The reasons for rejecting one argument similarly mirror the reasons for rejecting the other.

It is critical to note that the District Court did, in fact, allow Appellant to amend her First Complaint as to the failure to accommodate claim. Appellant simply failed to take advantage of this opportunity. This fact alone should serve to negate Appellant's first issue on appeal.

As to Appellant's contention that the District Court erred by only allowing amendment of *one* (1) of her causes of action, said argument should fail as Appellant's proposed amendments would have been futile. The District Court dismissed most of Appellant's claims for being time barred, not having gone through the administrative process, or both. The dates of the discriminatory actions Appellant alleged in her First Complaint, along with the dates of Appellants submission of her

Charge of Discrimination to the Equal Employment Opportunity Commission ("EEOC"), are ascertainable on the face of the record. The relevant time for Appellant to have brought her charges of discrimination to the EEOC is equally ascertainable at law. Similarly, Appellant's EEOC Charge speaks for itself and only contains the limited allegations of discrimination Appellant chose to include. There are no facts that Appellant could add to her First Complaint that would alter the legal ramifications of these facts. The District Court, therefore, properly denied Appellant's Motion to Amend her First Complaint as to the time-barred and unexhausted claims as any amendment would be futile.

Appellant also fails to show that the District Court erred by striking her Amended Complaint as untimely. The District Court gave Appellant thirty (30) days in which she could amend her First Complaint to re-plead her failure to accommodate claim. Appellant failed to do so. The fact that Appellant chose to file her Motion to Reconsider does nothing to abrogate the District Court's thirty-day deadline. A motion to alter or amend a judgement under Rule 59 of the Federal Rules of Civil Procedure only tolls the deadline for filing a notice of appeal after there has been a final judgment. Rule 59 does not reference or otherwise affect a specific deadline set out by a district court in an interlocutory order. Thus, Appellant's Motion for Reconsideration did nothing to stop the time the District Court's granted her for amendment to expire. There is no reason, then, for this Honorable Court to

reverse the District Court's decision to strike Appellant's Amended Complaint as untimely.

Finally, the District Court was correct to enforce the three-hundred-day statute of limitations for Appellant to have brought her individual charges of discrimination to the EEOC. Appellant argues that that the District Court's dismissal of various of her claims for failing to adhere to the relevant filing deadlines is essentially an impermissible recognition of a fact-based affirmative defense at the pleading stage. Appellant fails to recognize, however, that courts can dismiss a case under F.R.C.P. 12(b)(6) when the facts alleged in the complaint definitively prove an affirmative defense. Here, the facts Appellant alleges in her First Complaint show that most of her claims fall outside the relevant statute of limitations. The District Court, therefore, properly dismissed these claims.

## X. ARGUMENT

The Court should affirm the District Court's decisions to dismiss Appellants claims because Appellants has failed to bring her claims within the relevant statutes of limitations; because Appellant failed to exhaust her administrative remedies for her claims; or because Appellant failed to state claims upon which relief could be granted. The District Court did not err in either adopting the Magistrate's Report dismissing most Appellant's claims, or by striking Appellant's untimely Amended Complaint. Thus, the District Court's ultimate determination that Appellant's case

should be dismissed is proper and should be upheld by this Honorable Court.

### A. APPELLANT HAD THE OPPORTUNITY TO AMEND HER COMPLAINT AND THE DISTRICT COURT PROPERLY DISMISSED HER UNTIMELY AMENDED COMPLAINT

The Sixth Circuit "review[s] a district court's denial of leave to amend for abuse of discretion**.**" *Morse v. McWhorther*, 290 F.3d 795, 799 (6th Cir. May 20, 2002). It is appropriate for a trial court to deny a motion for leave to amend a complaint when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id*. at 800. Courts recognize that the Federal Rule of Civil Procedure 15, the Rule governing amendment of complaints, "plainly embodies a liberal amendment policy." *Id.* But, when analyzing a denial of a motion for leave to amend after a final judgment, courts "must also take into consideration the competing interest of protecting the finality of judgments and the expeditious termination of litigation." *Id*. (internal citations and quotation marks omitted).

Here, Appellant's argument that 'the district court erred by refusing to allow Appellant to amend her *Complaint* to cure the alleged deficiencies and lack of dates and/or information" fails for the simple fact that the District Court **did** grant Appellant leave to amend her First Complaint. The District Court's Order partially adopting the Magistrate's Report also partially granted Appellant's Motion to

Amend. (Ord. on Obj., R. at PageID 227). Indeed, that the Order states "[t]he Court **DIRECTS** Plaintiff to amend her complaint only as to her ADA claim for failure to accommodate her disability within 30 days from the entry of this order." (Id.) (emphasis in original).

Appellant does not address the foregoing language in her Brief. Instead, Appellant makes the conclusory statement that "the district court failed to weigh the merits of the case; it simply got the case off its docket based on technicalities of the pleading, identified by a defendant's a motion to dismiss." (App. Brief at p. 32). Appellant's statement appears to be nothing more than her own characterization of the District Court's rulings rather than a legal argument as to why the Court should reverse the court below.

### B. THE DISTRICT COURT CORRECTLY DETERMINED THAT ONLY APPELLANT'S "FAILURE TO ACCOMMODATE" CLAIM COUND BE AMENDED

Appellant's second issue is largely a repackaging of her first. Appellant begins Part B of her argument by stating that "[t]he lower court legally erred and abused its discretion by finding grounds to permit amending only one claim (failure to accommodate)—instead of permitting Appellant to amend each claim presented in her *Complaint*." (App. Brief, p. 32). Appellant's opening to Part B of her argument essentially restates the entirety of her argument in Part A: That the District Court committed a reversible error by not allowing Appellant to amend the entirety of her

Complaint as she had requested.

The Sixth Circuit reviews a lower court's determination on a request for leave to amend a complaint under the "abuse of discretion" standard. *Morse*, 290 F.3d at 799. "An abuse of discretion occurs if the district court relies on clearly erroneous findings of fact, applies the wrong legal standard, misapplies the correct legal standard when reaching a conclusion, or makes a clear error of judgment." *Cole v. City of Memphis*, 839 F.3d 530, 540 (October 17, 2016). Appellant has not given any examples of how the District Court abused its discretion. Instead, Appellant merely concludes that, because the District Court allowed her to "amend the complaint as to ***one* claim** after it found 'the Complaint [] unclear about what alleged failures to accommodate happened within the statute of limitations,' it should likewise have permitted an amendment of ***each* of her claims** on the exact same grounds." (App. Brief, p. 33) (emphasis in original).

Appellant's argument that it is "commonsensical" to allow amendment of all claims in the First Complaint simply because the District Court allowed amendment of the failure to accommodate fails to account for the fact that different claims have different parameters. Specifically, the District Court dismissed most of Appellant's claims for failure to meet specific statutes of limitation or exhaustion-of-remedies requirements. (See Ord. on Obj., R. at PageID 224-26).

Allowing Appellant to amend her First Complaint regarding time-barred

claims and/or claims for which she had not exhausted administrative remedies would be futile. Appellant acknowledges that "futility of amendment" is a valid reason for courts to deny motions for leave to amend complaints. (See App. Brief, p. 33) (quoting *Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Adding new facts to a complaint would not change the reality of when the alleged misconduct occurred or whether Appellant had sought administrative redress for said misconduct. Thus, the District Court properly denied leave to amend any claims other than the failure to accommodate claim because such amendment would be futile.

The most Appellant does to add any new justification for reversing the District Court in Part B of her argument is her discussion of the denial of her request to amend her First Complaint as to her hostile work environment claim. However, allowing amendment of the hostile work environment claim would be just as futile as allowing any of the other amendments the District Court properly rejected.

Appellant argues "the district court certainly committed legal error as it regards Appellant's hostile work environment claims, to which the court erroneously ruled Appellant's hostile work environment claims were barred by 300-day the statute of limitations." (App. Brief, p. 34). Appellant relies on *U.S. National Railroad Pass. Corp. v. Morgan*, 536 U.S. 101, 117 (2002) in support of her proposition that she stated a hostile work environment claim that was at least

sufficient to warrant some additional amendment to survive the County's motion to dismiss. (Id.) Appellant made essentially the same argument to the District Court, and her reasoning is no more persuasive now. (See Pltf. Resp. to Mot. to Dis., Tr. Ct. ECF No. 12, R.at PageID 132-33).

The case law Appellant relies upon actually supports the County's position. Appellant relies upon *Morgan* for the proposition that a party only needs to make discrimination charge "within 45 days of 'any act that is part of the hostile work environment.'" (App. Brief, p. 34) (quoting *Morgan*, 536 U.S. at 118). This statement may be true, so far as it goes, but only for hostile work environment claims.

The *Morgan* plaintiff, like the instant Appellant, brought employment claims alleging that "he had been subjected to discrete discriminatory and retaliatory acts and had experienced a [ ] hostile work environment." *Morgan* 536 U.S. at 104. The *Morgan* Court noted that there was a distinction in how allegations of discrete discriminatory acts and hostile work environment claims were analyzed. The Court recognized that a hostile work environment claim could consist of multiple acts over an extended period. *Id*. at 115-16. The Court concluded, therefore, that a single, aggregate claim for hostile work environment could proceed even though some of the acts making the workplace hostile occurred outside the three-hundred-day period for bringing charges to the EEOC. *Id*. at 117-18.

18

But the *Morgan* Court also recognized that claims for individual, discrete instances of discrimination or retaliation must still be brought within the normal deadline. Discrete discriminatory acts include incidents such as "termination, failure to promote, denial of transfer, or refusal to hire." (*Id.* at 114). The Court further reasoned that "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice." The Court then explicitly stated that plaintiff "can only file a charge to cover discrete acts that occurred within the appropriate time period." Thus, although the *Morgan* plaintiff "alleged that he suffered from numerous discriminatory and retaliatory acts from the date that he was hired through . . . the date that he was fired, only incidents that took place within the timely filing period are actionable."

Appellant should be held to the same standard as the plaintiff in the *Morgan* decision she relies upon. Only one of the seven causes of action listed in the First Complaint (R. at PageID 14) is premised upon hostile work environment allegations. The other six causes of action, therefore, are necessarily for discrete acts of discrimination or retaliation. Appellant cannot exempt ***all*** her claims from the relevant time limits simply because ***one*** of her claims allows for a greater filing period. Thus, this Honorable Court should uphold the District Court's dismissal of Appellant's time-barred claims.[1]

---

[1] The Court should note that the District Court did not dismiss the hostile work

Finally, Appellant argues that "each of Appellant's claims should have been considered by the court since the dismissed claims were related to and arose out of the exact same EEOC charge." (App. Br., p. 35). Appellant appears to be arguing here that the District Court erred by dismissing some of her claims for failing to exhaust her administrative remedies rather than challenging the specific, limited decision to not allow her to amend her First Complaint. The Sixth Circuit reviews such challenges to a lower court's decision on a motion to dismiss *de novo*. *See Booth Family Trust v. Jeffries*, 640 F.3d 134, 139 (6th Cir. April 5, 2011) ("When considering a motion to dismiss under Rule 12, we review the district court's decision de novo").

"[T]he general rule in this circuit [] that the judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Weigel v. Baptist Hosp. of East Tennessee*, 302 F.3d 367, 380 (6th Cir. 2002). Courts recognize that "the facts alleged in the body of the EEOC

---

environment claim simply because untimely filing. Rather, the District Court found that Appellant could not maintain a hostile work environment claim under the ADA because "the complaint does not allege that the harassment was based on her disability." (Ord. on Obj., R. at PageID 226) (internal citations and quotation marks omitted). Appellant does not challenge the District Court's ruling on the substance of her hostile work environment claim; she only disputes the District Court's application of the relevant filing deadlines to her claims. Nevertheless, the District Court was correct that Appellant had failed to state a hostile work environment under the ADA because she does not allege that any of the harassment she supposedly suffered was premised on her disability.

charge [] are the major determinants of the scope of the charge, in applying the foregoing general rule." *Bray v. Palm Beach Co., 907 F.2d 150 (6th Cir. 1990) (*Table) (cited with approval by *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004).

Here, Appellant's Charge (Tr. Ct. ECF No. 11-2, R. at PageID 124-25) only contains an allegation that she had difficulty receiving her preferred accommodation. Appellant does not state in her Charge the nature of the accommodation she requested (and was allegedly denied) to support Count Two of her Complaint. (Id.) Appellant does not allege that any non-disabled individuals were treated differently than her to support her disparate treatment claim at Count Four of the Complaint. (Id.) Appellant does not state what actions the County took an action or changed any of her employment conditions as part of the County's alleged retaliation against her. (Id.) Appellant's Charge contains nothing that would indicate she has been subjected to an overall hostile work environment as alleged in Count Five of her Complaint. Appellant did not bring facts showing constructive discharge, as alleged in Count Six of her Complaint, in the Charge. The District Court, therefore, properly dismissed all of the foregoing causes of action due to Appellant's failure to exhaust her administrative remedies for said claims.

### C. APPELLANT'S MOTION TO RECONSIDER DID NOT TOLL HER DEADLINE TO AMEND HER FIRST COMPLAINT

Appellant's position at Part C of her argument appears to be focus on the fact that the District Court erred by striking/dismissing her Amended Complaint due to

the tolling of the filing deadline by Appellant's Motion to Reconsider (Tr. Ct. ECF No. 25, PageID 228-93). Appellant **_does not_** appear to challenge the District Court's denial of her Motion to Reconsider itself. The County, therefore, will address Appellant's argument as a challenge to the District Court's ultimate dismissal of the case. The Sixth Circuit reviews a challenge to dismissal of an action _de novo_. _Booth Family_ Trust, 640 F.3d at 139.

It is critical to note at the outset that Appellant specifically and explicitly cites "Fed. R. Civ. P. 59(e)" as the basis for her Motion to Reconsider the District Court's to partially adopt the Magistrate's Report and dimiss the majority of her claims. (R. at PageID 241). Rule 59, however, is not applicable to have a court reconsider a partial grant of a motion to dismiss. Rule 59 states:

> The court may, on motion, grant a new trial on all or some of the issues—and to any party as follows:
>
> (A) **_after a jury trial_**, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or
>
> (B) **_after a nonjury trial_**, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.
>
> Fed. R. Civ. Pro. (a)(1)(A)-(B) (emphasis added).

The text of Rule 59 is clear: relief under this specific Rule is limited to reconsidering judgments after a trial. There has been no trial in this case, whether before a jury or otherwise. Rule 59 is inapplicable on its face as a means of obtaining the relief Appellant sought. Thus, even if there is some form of tolling available

under Rule 59, such protection is not relevant to Appellant's case as Rule 59 has not

application here.

Appellant does not cite any case that supports her proposition that her Motion

to Reconsider somehow tolled the District Court's thirty-day deadline to amend her

First Complaint. Appellant first relies upon *Huff v. Metropolitan Life Ins. Co.*, 675

F.2d 119 (6th Cir.1982). *Huff* deal with a party who sought amendment of a

district court's grant of summary judgment through a motion to amend under Rule

59. *Id.* at 121. However, there is absolutely nothing in *Huff* that addresses the effect

of a Rule 59 motion on other deadlines. *Huff*, therefore, is inapplicable to Appellant's

case.

Similarly, *Carpenter v. Dalrymple*, 849 F.2d 1472 (Table), 1988 WL 61515

at *1 (6th Cir. 1988) is inapplicable to the case at bar. *Carpenter* did address the

tolling provisions in Rule 59. *Id.* at *1. Nevertheless, *Carpenter* illustrates that any

tolling available under Rule 59 is not applicable to Appellant because "[t]he timely

Fed.R.Civ.P. 59(e) motion tolled the appeals period as provided by ***Fed.R.App.P.***

***4(a)(4)***." *Id.* (emphasis added). Appellant fails to recognize that nothing in Rule 59

itself speaks to tolling of any deadlines. Rather, tolling comes into play through Rule

4 or the Federal Rules of Appellate Procedure. Fed. R. App. Pro. 4(a)(4)(A)(iv) does

allow for postponement of the deadline to file an appeal until the district court rules

on a motion "to alter or amend the judgment under Rule 59." This extension of time,

however, ***only*** applies to the deadline for filing a notice of appeal. There is nothing in any of the rules or case Appellant cites that indicates F.R.C.P 59 tolls anything other than the deadline to file a notice of appeal under F.R.A.P. 4. There is certainly nothing that indicates that the tolling of the appeal deadline somehow applies to the District Court's thirty-day deadline for Appellant to have amended her First Complaint.

Finally, Appellant's reliance on *Smith v. Hudson*, 600 F.2d 60,61 (6th Cir. 1979) fails for the same reason as her reliance on *Carpenter*. Like *Carpenter*, the primary question regarding tolling in *Smith* was when a notice of appeal needed to be filed after a motion to reconsider had been submitted. *Id*. at 62. ("The defendants claim that this Court's jurisdiction was not properly invoked because the plaintiffs' notice of appeal was not filed in a timely manner under Fed.R.App.P. 4(a)"). The discussion of tolling of appeal deadlines in *Smith* is irrelevant to Appellant's case as none of the filing deadlines in the Rules of Appellate Procedure are at issue here.

At base, Appellant appears to be attempting to use F.R.A.P. 4(a)(4)(A)(iv)'s statement that a motion under F.R.C.P. 59(e) tolls the deadline for filing a notice of appeal as a blanket rule that a motion to reconsider tolls ***all*** deadlines. Appellant fails to justify such an expansive reading through either case law or the plain text of the Rules themselves. The Court, therefore, should find that the Motion to Reconsider did n not toll the District Court's thirty-day deadline for Appellant to amend her First

Complaint, and affirm the District Court's decision to strike the Amended Complaint at untimely.

## D. THE DISTRICT COURT DID NOT ERR IN FINDING THAT APPELLANT'S CLAIMS WERE TIME BARRED

The District Court properly dismissed Appellant's time barred claims as Appellant could not obtain any relief under said claims. The Court should review Appellant's challenge to the dismissal of claims pursuant to F.R.C.P. 12(b)(6) *de novo*. *Booth Family* Trust, 640 F.3d at 139. Appellant argues that the District Court erred by dismissing some of her claims as untimely "since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations" at the pleading stage. (App. Brief, p. 38) (citing *Cancer Found, Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674). Appellant, however, fails to recognize that "sometimes the allegations in the complaint affirmatively show that the claim is time-barred." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). "When that is the case, as it is here, dismissing the claim under Rule 12(b)(6) is appropriate." *Id.*

Parties like Appellant "must file the EEOC charge within 300 days of the alleged discriminatory acts. See 42 U.S.C. § 2000e-5(e)(1); see also *Tartt v. City of Clarksville*, 149 F. App'x 456, 460 (6th Cir. 2005) (Tennessee is a "deferral state," meaning that the 300-day statute of limitations applies). The 300-day statute of limitations "begins to run from the date of the alleged unlawful employment

practice." *Amini v. Oberlin College*, 259 F.3d 493, 498 (6th Cir. 2001) (internal citations and quotation marks omitted) Appellant, therefore, can only make viable claims for those alleged instances of discrimination and retaliation that took place less than 300 days prior to filing her EEOC charge.

Appellant filed her Charge on November 11, 2020. The 300th day prior to November 11, 2020, was January 15, 2020. Thus, Appellant can only maintain claims for alleged discrimination occurring on or before January 15, 2020. Appellant's claims that fall outside the applicable statute of limitations include, but are not limited to: any allegations against Sgt. Gail Peppers for retaliation or discrimination occurring in 2013 (First Complaint, ¶¶ 11-18); any use of cleaning products such as "Razor Orange" between 2013 and January 15, 2020 (Id. at ¶¶19-21, 28); and, any alleged acts of retaliation occurring before January 15, 2020 (Id. at ¶¶ 22-25). All of the foregoing claims can be readily identified as falling outside the statute of limitations based on Appellants own allegations in her First Complaint.

Further, the District Court was correct that Appellant is not entitled to equitable tolling in this case. "Federal courts apply equitable tolling sparingly." o *Williams v. Northwest Airlines*, 53 F. App'x 350, 352 (6th Cir. 2002) (internal citations omitted). "[A] plaintiff must demonstrate facts showing . . . diligence in pursuing the claim." *Id.* (citations omitted). Appellant's statement that she "zealously and repeatedly presented her grievances" to the ***County*** and its human

resources department has no bearing on whether she was diligent in pursuing her *legal claim* as required by the equitable tolling standard.

## XI. CONCLUSION

The County urges this Honorable Court to affirm the District Court's decisions to dismiss Appellant's time-barred and unexhausted claims; strike Appellant's Amended Complaint; and ultimately dismiss Appellant's case. Appellant has not shown that the District Court committed any reversible error in its decisions. Instead, Appellant has merely demonstrated that she disagrees with the District Court's rulings. Appellant's disagreement' however, should not be enough to overcome the District Court's valid legal reasoning. The Court, therefore, should affirm the District Court's rulings.

Respectfully submitted,

**/s/ Jasen M. Durrence**
JASEN M. DURRENCE (#33275)
*Attorney for Appellant*
SHELBY COUNTY ATTORNEY'S OFFICE
160 North Main Street, Suite 950
Memphis, TN  38103
(901) 222-2100
jasen.durrence@shelbycountytn.gov

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief (except those parts exempted by Fed. R. App. P. 32(f)).  contains approximately 6,066 words and complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i) because it contains no more than 13,000 words. This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word 2016 in 12-point Times New Roman font.

**/s/ Jasen M. Durrence** _____

# CERTIFICATE OF SERVICE

I certify that the foregoing is being filed via the Court's ECF system this 6th day of December, 2023, for service on all persons registered in connection with this case, and/or that a copy of the foregoing has been sent this day by email, to the following:

Stephanie D. Moss
Attorney for Appellant
THE MOSS LAW GROUP
1800 Phoenix Boulevard, STE 128
Atlanta, Georgia 30349
P: (404) 446-9923
E: smoss@mosslawgroup.com

**/s/ Jasen M. Durrence**

# ADDENDUM
## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

| RECORD NUMBER | DESCRIPTION | PageID ## |
|---|---|---|
| 1 | Pro Se Complaint with attachments | 1-92 |
| 11 | Motion to Dismiss with attachments | 103-26 |
| 12 | Pltf. Memorandum in Response to Motion to Dismiss | 127-45 |
| 13 | Def. Reply to Pltf. Response to Motion to Dismiss | 146-53 |
| 15 | Report and Recommendation of Magistrate | 162-71 |
| 20 | Pltf. Objections to Report and Recommendation of Magistrate | 183-200 |
| 21 | Pltf. Motion for Leave to Amend Complaint | 201-05 |
| 22 | Def. Response to Pltf. Objections to Magistrate's Report | 206-08 |
| 23 | Def. Response in Opposition to Pltf. Motion to Amend Complaint | 209-14 |
| 24 | Order Adopting in Part Magistrate's Recommendations; Granting in Part Motion to Amend Complaint | 215-27 |
| 25 | Pltf. Motion to Reconsider | 228-93 |
| 26 | Def. Response in Opposition to Pltf's Motion to Reconsider | 294-97 |

| 27 | Order Denying Pltf. Motion to Reconsider | 298-300 |
|----|------------------------------------------|---------|
| 30 | Pltf.'s Amended Complaint | 308-570 |
| 31 | Def.'s Second Motion to Dismiss | 652-60 |
| 32 | Pltf.'s Response to Def.'s Second Motion to Dismiss | 665-71 |
| 33 | Order Granting Motion to Dismiss | 672-74 |